**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> LARRY HENDERSON, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2:14-cr-0244-GMN-VCF <br><br> **ORDER** |

Pending before the Court is Defendant Larry Henderson's Motion for Appointment of the Federal Public Defender (ECF No. 11) and Motion for District Judge to Reconsider Order (ECF No. 12).

On October 21, 2013, Defendant pled guilty to Bank Fraud, Aiding and Abetting, and Causing an Act to be Done in violation of 18 U.S.C. §§ 1344(1), 2(a), 2(b), and Aggravated Identity Theft, Aiding and Abetting, and Causing an Act to be Done in violation of 18 U.S.C. §§ 1028A, 2(a), 2(b). (*See* Judgment, ECF No. 4-2). Defendant was sentenced to a term of three years probation by the United States District Court for the Central District of California. (*Id.*). On July 23, 2014, this Court accepted transfer of jurisdiction of Defendant while he served the remainder of his probation term. (ECF No. 2).

On May 16, 2016, Defendant requested to travel out of the country for a week on a family vacation. (ECF No. 7). The Court denied Defendant's request. (ECF No. 8). Defendant then filed a letter requesting appointment of counsel and permission to travel (ECF No. 9), which did not provide any legal basis for the Court to grant Defendant's request. Subsequently, the Court construed this letter as a motion and denied it. (ECF No. 10). Defendant then filed the instant Motions.

Although the Federal Rules of Criminal Procedure do not expressly authorize the filing of motions for reconsideration, "numerous circuit courts have held that motions for reconsideration may be filed in criminal cases." *United States v. Hector,* 368 F. Supp. 2d 1060, 1063 (C.D. Cal. 2005), rev'd on other grounds, 474 F.3d 1150 (9th Cir. 2007); *see also United States v. Fiorelli,* 337 F.3d 282, 288 (3d Cir. 2003) ("As noted by the Second and Ninth Circuits, motions for reconsideration may be filed in criminal cases"). "A motion to reconsider must demonstrate some valid reason why the Court should reconsider its prior decision, and it must set forth facts or law of a strongly convincing nature to induce the Court to reverse itself." *United States v. Walsh,* 873 F. Supp. 334, 337 (D. Ariz. 1994). A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000) (quotations omitted). Here, Defendant fails to provide any valid reason for the Court to reconsider its prior decision. Accordingly, Defendant's Motion to Reconsider is denied.

The Court's jurisdiction to appoint counsel for financially eligible defendants arises under 18 U.S.C. § 3006A. Post-conviction, when "the interests of justice so require," the Court may appoint counsel for a defendant "seeking relief under section 2241, 2254, or 2255 of title 28." 18 U.S.C. § 3006A(a)(2)(B). Here, Defendant is not seeking such relief, and therefore, he is ineligible for appointment of counsel.

**IT IS HEREBY ORDERED** that Defendant's Motion for Appointment of the Federal Public Defender (ECF No. 11) and Motion for District Judge to Reconsider Order (ECF No. 12) are **DENIED**.

DATED this  24  day of June, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court